UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
| *vs*. | ) | 1:13-cr-00108-JMS-DKL-8 |
| | ) | |
| JOSEPH BURTON, | ) | |
|    *Defendant*. | ) | |

# **ORDER**

Presently pending before the Court is Defendant Joseph Burton's Motion to Suppress. [Dkt. 120.] For the reasons explained, the Court **DENIES** the motion. Three of Mr. Burton's codefendants also have suppression motions pending before the Court. The Court decides those motions in separate Orders also issued on this date.

Unlike Mr. Burton's codefendants' motions, Mr. Burton's Motion to Suppress is a bare bones filing. His one-page motion states only the following:

> Joseph Burton . . . moves the Court to suppress any and all evidence seized from his residence . . . and in support of said motion would state to the Court as follows:
>
> 1. That there was insufficient probable cause to support the issuance of the search warrant which was used for this search by law enforcement agents.
>
> 2. That such seizures were in violation of Mr. Burton's rights as guaranteed by the Fourth Amendment to the United States Constitution.
>
> 3. That Defendant Burton would incorporate in his motion to suppress all the legal arguments put forth in both the motions and memorandums of Defendants Jordan Allen, Jack Robbins, and Robbyn Kaczmarek.

[*Id.* at 1.]

Mr. Burton's incorporation of his codefendants' arguments without further explaining how these arguments pertain to his case or the specific search he challenges approaches an outright waiver of any claim he has that the evidence at issue should be suppressed. *See Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 762 (7th Cir. 2013) ("A skeletal argument, really nothing more than an assertion, does not preserve a claim.") (citations and quotation marks omitted); *Anderson v. Gutschenritter*, 836 F.2d 346, 349 (7th Cir. 1988) ("[E]ven an issue expressly presented for resolution is waived if not developed by argument."). Mere incorporation of his codefendants' arguments might be more appropriate if Mr. Burton was similarly situated to them in all material respects and one or more of them sought suppression of the evidence obtained at his residence, but neither is true. Therefore, his codefendants' arguments do not explain why *Mr. Burton* has standing to challenge the GPS search of Ms. Kaczmarek's vehicle or why there was insufficient probable cause to issue a warrant to search *Mr. Burton's residence*. He has provided the Court with no reasoning as to whether and to what extent Mr. Burton's codefendants' arguments—which are tailored to their specific circumstances—may or may not apply to his unique circumstances. *Cf. Gutierrez v. Kermon*, 722 F.3d 1003, 1012 n.3 (7th Cir. 2013) ("We have repeatedly said that judges are not like pigs, hunting for truffles buried in briefs, or in the record, so it stands to reason that we will not go truffle hunting through all of the laws applicable in Indiana to identify an offense to fit [a party's] conduct.") (alterations, citations, and quotation marks omitted).

In any event, even if the Court applies Mr. Burton's codefendants' arguments to Mr. Burton's Motion to Suppress, the Court denies Mr. Burton's motion for all of the same reasons the

Court denies his codefendants' motions on this date.[1] Regarding whether there was sufficient probable cause to issue the search warrant challenged in Mr. Robbins' Motion to Suppress, the Court concludes that the affidavit of Federal Bureau of Investigation Special Agent Todd Prewitt adequately established probable cause for issuance of the search warrant, and even if probable cause was not present, law enforcement relied in good-faith on the search warrant in conducting the searches and seizures authorized such that application of the exclusionary rule is unwarranted. Nor is exclusion warranted as to any of the evidence obtained as a result of law enforcement's use of a GPS device on Ms. Kaczmarek's vehicle. First, for the reasons set for in the Court's Order regarding Mr. Allen's Motion to Suppress, Mr. Burton has not established that he has Fourth Amendment standing to challenge the use of a GPS device on Ms. Kaczmarek's vehicle. Second, for the reasons set forth in the Court's Orders regarding Ms. Kaczmarek's and Mr. Allen's motions, even if Mr. Burton had standing, the exclusionary rule would not apply because: (1) the good-faith exception set forth in *Davis v. United States*, 131 S. Ct. 2419, 2426 (2011), applies; and (2) law enforcement relied in good-faith on judicial authorization for its conduct, as this Court recently held in a similar case, *United States v. Taylor*, --- F.Supp.2d ----, 2013 WL 5817246 (S.D. Ind. 2013).

Accordingly, the Court **DENIES** Mr. Burton's Motion to Suppress. [Dkt. 120.]

04/07/2014

*Hon. Jane Magnus-Stinson, Judge*
*United States District Court*
*Southern District of Indiana*

---

[1] The Court incorporates by reference the reasoning and analysis contained in the three other Orders denying Mr. Burton's codefendants' motions to suppress issued on this date.

**Distribution via ECF only to all counsel of record**